## Nestore, Administrator v. Centrone

*Nelson J. Sack*, for plaintiff.
*James J. McCabe*, for defendant.

BLOOM, J., June 11, 1974.—On January 2, 1974, plaintiff filed a praecipe for summons in trespass against Mercy Catholic Medical Center, Doctor A. L. Centrone, Doctor E. W. Tobia and Doctor W. H. Miller. On the same day, plaintiff issued subpoenas ordering all defendants to appear for depositions. Service of the writ of summons and the subpoenas was made upon all defendants by the Sheriff's Office, Delaware County, Pa.

On February 11, 1974, counsel for defendant Centrone filed a rule to file a complaint upon plaintiff. On the same date, counsel for Centrone filed interrogatories addressed to plaintiff. Counsel for Centrone filed supplemental interrogatories addressed to plaintiff on February 26, 1974.

On March 12, 1974, counsel for Centrone entered a judgment of non pros against plaintiff for failure to file a complaint within 20 days in accordance with the rule granted on February 11, 1974. (The exact time of entry of the judgment of non pros was 11:46 a.m.) Entry of judgment of non pros was not made

until after an extension of time granted to plaintiff's counsel had expired. On March 12, 1974, at 2:23 p.m., plaintiff obtained a rule upon defendant Centrone to show cause why Centrone should not suffer a default judgment for not appearing for depositions as ordered by the above subpoena.

On March 19, 1974, defendant Centrone filed an answer alleging that plaintiff's counsel had agreed not to take the deposition of Centrone on the date scheduled and that plaintiff's counsel had not complied with Pennsylvania Rules of Civil Procedure 4007(b) (hereinafter set forth). Counsel for plaintiff then listed the matter for argument upon his rule to show cause why a default judgment should not be entered against Centrone for failure to appear for depositions.

Pennsylvania Rules of Civil Procedure 4007 provides:

"(a) Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case.

"(b) The deposition may be taken without leave of court, except that leave must be obtained if notice of the taking is served by the plaintiff within twenty (20) days after commencement of the action. The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 4018. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes."

Counsel for plaintiff has not complied with the above rule since notice of the taking of Centrone's deposition was served upon Centrone within 20 days after commencement of the action without first securing leave of court as set forth in Rule 4007(b).

In addition, the record reveals that a judgment of non pros was duly entered against plaintiff by defendant Centrone. Plaintiff's motion for sanctions was filed subsequent to the entry of judgment and thus is without merit absent a petition to open judgment filed by plaintiff.

Therefore, we enter the following

## ORDER

And now, to wit, June 11, 1974, after consideration of argument and briefs submitted by respective counsel before this court en banc, it is hereby ordered and decreed that plaintiff's petition to enter a default judgment against defendant A. L. Centrone, be and the same is hereby dismissed.